FILED

MAR 02 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Scott Tinsley
1275 Central Blvd #155
Brentwood, California 94513

Defendant in my Private
Capacity

# United States District Court of The
# For The Northern District of California

| | |
|---|---|
| KCM BRENTWOOD, LLC, | ) |
| | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| SCOTT TINSLEY, | ) |
| Defendant | ) |
| | ) |

Case No. CV23 0937

RE: Case NO.: PS 22-1468 **KAW**

## Notice of Removal of a Civil Case

### Title 28 USCS Sections 1446(a), 1443, 1441(a), 1441(b), 1331 ; FRCP 11, Title 15 USC, Sections 1692(c), 1692(d), 1692(e), 1692(f), 1692(g) 78aa

**I. Statement of Facts and Grounds Supporting Removal.**

1. The central issues in this removal is two-fold: are lawsuits involving violations of the

Americans with Disabilities Act and the Fair Debt Collection Practices Act are required to be

litigated in federal court, see Title 42, US Code §§ 12181, 12182 and Title 15, US Code, § 1692

et seq and whether or not the Plaintiff fulfilled the essential requirements at commencement and

the filing of this case for production of evidence to meet the burden of proof under California

law to demonstrate conclusively that the Plaintiff has not violated state law, the Americans with

NOTICE OF REMOVAL                          Page 1

Disabilities Act and the Fair Debt Collection Practices Act and the habitability doctrine established under Green v. Superior Court, 10 Cal 3d 616, 517 P 2d 1168, 111 Cal. Rptr. 704 (1974) Under Green v. Superior Court, supra, the leasing of residential housing, is an implied covenant to the tenant that they will keep the premises habitable; a promise coexistent with the tenants' promise to pay rent. Since the landmark Green decision, the courts have been interpreting Green expansively. The Plaintiff was in an exclusive position to give notice to the Defendant that his rent was not being paid by a third party, and knew that the Defendant is developmentally disabled. The Defendant did not know that the rent was not being paid by Regional Center, a third party, who is responsible for paying the Defendant's rent. He had not way to know that the rent was not being paid other than receiving actual notice of this fact by the Plaintiff. This is a case of bad faith and a case whereby the Plaintiff did not give the Defendant accommodation as a developmentally disabled person. This is the kind of negligent act that the ADA was designed to prevent and to remedy. The Defendant cannot be left without a remedy.

2. In addition, I, Scott Tinsley, have prepared a separate federal claim against the Plaintiff for violation of the ADA, case number _____, which should be consolidated with this case. Said consolidation will prevent irreparable harm against the Defendant and allow the federal court to litigate the entire matter in the interest of justice. It will also provide judicial economy. The Plaintiff's violation of the Fair Debt Collection Practices Act can be considered along side the Plaintiff's claims and the violation of the Fair Debt Collection Practices Act. As a result, in the interest of judicial economy, it is far better for the case be litigated in federal court and to be consolidated.

3. The Plaintiff in this matter has violated the FDCPA by continuing to collect rent while the Plaintiff has prevented the Defendant from learning about the failure by a third party fiduciary, Regional Center, to pay the rent and has engaged in bad faith regarding the payment of

the rent. Regional Center's failure to remain faithful to their fiduciary duty created a crisis that only the Plaintiff could solve, because they were the only party that knew about the lapse in the payment of rent. Without actual notice and opportunity to remedy the lapse in the rental payments, the Defendants was not equipped to restore the monthly rent payments and was powerless to remedy the circumstances with a phone call to Regional Center.

4. I will seek a consolidation of the two cases after removal and a remedy that preserves my rights and prevents irreparable harm, such as homelessness.

5. The Plaintiff, KCM, LLC, hired the law firm, Todd A Brisco & Associates, AP.C. , as a debt collector to attempt to obtain payment of rent of the subject property, and to evict me from the subject property. a residential rental apartment property located in Brentwood, California at a time when Regional Center neglected their fiduciary duty to pay my rent as discussed. This particular act by the Plaintiff of eviction in tandem with the violation of the ADA, required very little effort and no expense. The only effort required to comply with the ADA was to give notice and opportunity of the lapse in rental payments, see Fuentes v. Shevin, (1972) 407 U.S. 67.

6. As discussed am developmentally disabled, and as a disabled adult, and was receiving a disability check, which is administered by someone else, an agency called the Regional Center, who apparently neglected to pay the rent as the result of an administrative oversight, which is the stated reason why the landlord is evicting me. I cannot pay my own rent due to my disabilities and yet I am being held to the standards of someone who is not disabled. This violates the Americans with Disabilities Act.

7. The landlord has failed to establish, by admissible evidence that they gave me actual notice of the lapse in rental payment so that I could notify Regional Center and remedy the problem. I could not remedy the problem that I did not know about.

NOTICE OF REMOVAL                    Page 3

**II. Matters Involving the FDCPA And implicating violations of federal debt collection laws**

**Require Federal Jurisdiction.**

15. In the interest of justice and because the Americans with Disabilities Act and the Fair Debt Collection Practices Act is involved in this matter, I am filing this removal notice in this matter. The Plaintiff in this matter has violated the FDCPA and several state law claims.

Respectfully Submitted,

Dated: ___2/28/23___

By: _Scott Tinsley_
Scott Tinsley, In my Private Capacity

---

NOTICE OF REMOVAL                          Page 4

**DECLARATION OF SERVICE**

I, _____, declare as follows

That I am domiciled in the _____County, I am over the age of eighteen years old and not a party to the within action. My mailing location is:

_____.

On the _____(date), I served by

mail a true copy of the above **NOTICE OF REMOVAL** for Case number ____ PS 22-1468

(state Case) in District Court of the United States for the Northern District of California,

upon Todd A Brisco and Associates, APC, the Plaintiff, located at;

> Todd A. Brisco
> Todd A Brisco & Associates, AP.C.
> 2200 West Orangewood Avenue, Suite 250
> Orange, California 92868

I declare under penalty of the Common Law of California that the foregoing is

true and correct.

Executed on the _____(date).

By:_____

**Notice to Agent is Notice To Principal Notice to Principal is Notice to Agent**

NOTICE OF REMOVAL                    Page 5