United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KCM BRENTWOOD, LLC,
Plaintiff,
v.
SCOTT TINSLEY,
Defendant.

Case No. 23-cv-00937-AMO

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 10

Before the Court is KCM Brentwood's motion to remand this unlawful detainer action to Contra Costa Superior Court. Tinsley has filed an opposition to the motion, which is suitable for disposition without hearing pursuant to Civil L.R. 7-1(b). Having considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion.

## I. BACKGROUND

KCM Brentwood commenced this unlawful detainer case in Contra Costa Superior Court on December 5, 2022. ECF 10-1. Tinsley, *pro se*, removed the action to this Court on March 2, 2023, claiming federal subject matter jurisdiction because of alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 - 12189, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 -1692p. ECF 1 at 4. KCM Brentwood moves to remand the action to state court. ECF 10. Tinsley opposes the motion. ECF 12.

## II. LEGAL STANDARD

A defendant in state court may remove an action to federal court if the case could have been filed originally in federal court. 28 U.S.C. § 1441(a). Original jurisdiction may be based on federal question jurisdiction or diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331, 1332. A district court must remand a removed action "[i]f at any

1  time before final judgment it appears that the district court lacks subject matter jurisdiction." 28

2  U.S.C. § 1447(c).  Courts must "strictly construe the removal statute against removal

3  jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption

4  against removal jurisdiction means that the defendant always had the burden of establishing that

5  removal is proper." *Id.* (internal quotations and citations omitted).

### III.  DISCUSSION

Unlawful detainer claims do not arise under federal law and thus, the court lacks federal question jurisdiction.  *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Tinsley seeks to avoid remand by arguing that KCM Brentwood has violated the Americans with Disabilities Act, 42 U.S.C. §§ 12181 - 12189, and the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p.  ECF 12.  However, the well-pleaded complaint rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal question jurisdiction to exist.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  An anticipated federal defense or counterclaim does not give rise to federal question jurisdiction.  *Wescom Credit Union*, 2010 WL 4916578, at *2 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Here, the sole claim in KCM Brentwood's state court complaint is for unlawful detainer.  ECF 10-1.  It presents no federal question, and as such, this Court lacks jurisdiction to adjudicate it.  Accordingly, remand is required.

//
//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, the Court grants KCM Brentwood's motion to remand. KCM Brentwood shall serve a copy of this order on Tinsley and file a certificate of service by no later than August 25, 2023.

**IT IS SO ORDERED.**

Dated: August 21, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3